Argued and submitted February 6, affirmed May 3, petition for review denied
August 22, 1995 (321 Or 512)

STATE OF OREGON,
*Appellant,*

*v.*

JEFFREY MARION NORRIS-ROMINE,
*Respondent.*

(9422M; CA A83772 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

PATRICK JOSEPH FINLEY,
*Respondent.*

(Q9400667M, Z9400670M; CA A83931)

894 P2d 1221

Robert M. Atkinson, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Andy Simrin, Deputy Public Defender, argued the cause for respondent Jeffrey Mario Norris-Romine. With him on the brief was Sally L. Avera, Public Defender.

John J. Tyner argued the cause for respondent Patrick Joseph Finley. With him on the brief was Tyner & Associates.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

### RIGGS, P. J.

In these consolidated cases, the state appeals from the dismissal of accusatory instruments charging defendants Finley and Norris-Romine with violations of stalking protective orders, ORS 163.747 and ORS 163.750. In each case, the ground for dismissal was that the statutory definition of the phrase "without legitimate purpose," as a component of the crime of stalking, is unconstitutionally vague. We affirm.

■       Defendants were charged with violating stalking protective orders. A protective order may be issued either by a law enforcement officer or the court, upon the request of any person. ORS 163.744(1) provides:

"A person may initiate an action seeking an officer's stalking protective order by presenting a complaint to a law enforcement officer or to any law enforcement agency. The complaint shall be a sworn statement setting forth with particularity the conduct that is the basis for the complaint."

ORS 163.735 provides, in part:

"(1)   Upon a complaint initiated as provided in ORS 163.744, *a law enforcement officer shall issue an officer's stalking protective order to a person when the officer has probable cause to believe that*:

"(a)   *The person, without legitimate purpose*, intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(b)   It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(c)   The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household." (Emphasis supplied.)

ORS 163.738 provides, in part:

"(3)(a)   *The circuit court may enter, after personal or telephonic appearance by the petitioner, a court's stalking protective order if the court finds by a preponderance of the evidence that*:

"(A) *The person, without legitimate purpose,* intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(B) It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(C) The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household.

"(b) In the order, the court shall specify the conduct from which the respondent is to refrain, which may include all contact listed in ORS 163.730. The order is of unlimited duration unless limited by law." (Emphasis supplied.)

ORS 163.747 provides, in part:

"(1) A person commits the crime of violating an officer's stalking protective order when:

"(a) The person has been served with an officer's stalking protective order as provided in ORS 163.735;

"(b) *The person, subsequent to the service of the order, has engaged intentionally, knowingly or recklessly in conduct prohibited by the order;* and

"(c) If the conduct is prohibited contact as defined in ORS 163.730(3)(d), (e), (f), (h) or (i), the subsequent conduct has created reasonable apprehension regarding the personal safety of a person protected by the order.

"(2)(a) Violating an officer's stalking protective order is a Class A misdemeanor." (Emphasis supplied.)

ORS 163.750 provides, in part:

"(1) A person commits the crime of violating a court's stalking protective order when:

"(a) The person has been served with a court's stalking protective order as provided in ORS 163.738;

"(b) *The person, subsequent to the service of the order, has engaged intentionally, knowingly or recklessly in conduct prohibited by the order;* and

"(c) If the conduct is prohibited contact as defined in ORS 163.730(3)(d), (e), (f), (h) or (i), the subsequent conduct has created reasonable apprehension regarding the personal safety of a person protected by the order.

"(2)(a)   Violating a court's stalking protective order is a Class A misdemeanor." (Emphasis supplied.)

Finally, ORS 163.730 defines terms relevant to the stalking statutes. Under subsection (3):

" 'Contact' includes but is not limited to:

"(a)   Coming into the visual or physical presence of the other person;

"(b)   Following the other person;

"(c)   Walking outside the home, property, place of work or school of the other person or of a member of that person's family or household;

"(d)   Sending or making written communications in any form to the other person;

"(e)   Speaking with the other person by any means;

"(f)   Communicating with the other person through a third person;

"(g)   Committing a crime against the other person;

"(h)   Communicating with a third person who has some relationship to the other person with the intent of affecting the third person's relationship with the other person;

"(i)   Communicating with business or government entities with the intent of affecting some right or interest of the other person;

"(j)   Damaging the other person's home, property, place of work or school; or

"(k)   Delivering directly or through a third person any object to the home, property, place of work or school of the other person."

ORS 163.730(7) provides:

" 'Legitimate purpose' includes, but is not limited to, otherwise lawful contact that is related to and occurs during a labor dispute as defined in ORS 662.010."

Defendant Finley was charged under ORS 163.750 with violating a court's stalking protective order. Defendant Norris-Romine was charged under ORS 163.747 with violating a police officer's stalking protective order. Both contended in the trial courts that the term "legitimate purpose," as defined in ORS 163.730(7) and as used in ORS 163.735 and ORS 163.738, is unconstitutionally vague. The trial courts

agreed. We review the trial courts' rulings for errors of law. ORS 135.630.

■    Before a stalking protective order can be issued, there must be, in the case of an officer's protective order, probable cause to believe that the defendant acted "without legitimate purpose," ORS 163.735, or in the case of a court's protective order, a finding that the person acted "without legitimate purpose," ORS 163.738. Thus, although ORS 163.747 and ORS 163.750 do not explicitly mention "legitimate purpose," a protective order, the violation of which those statutes criminalize, is predicated on a finding that a person has acted without a legitimate purpose. We conclude that ORS 163.735 and ORS 163.738 are *in pari materia* with ORS 163.747 and ORS 163.750, respectively, and that the term "legitimate purpose" as used therein is incorporated within the protective order crimes and is subject to constitutional challenge by defendants. *City of Eugene v. Miller*, 318 Or 480, 484, 871 P2d 454 (1994).[1]

■■    Under the Oregon Constitution, a criminal statute must be sufficiently explicit to inform those who are subject to it of what conduct will render them liable to its penalties. *State v. Graves*, 299 Or 189, 195, 700 P2d 244 (1985). A statute that does not provide an adequate degree of certainty and allows the judge or the jury to define the crime after the fact violates Article I, sections 20 and 21, of the Oregon Constitution,[2] as well as the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *State v. Cornell/Pinnell*, 304 Or 27, 30, 741 P2d 501 (1987); *Graves*, 299 Or at 195; *State v. Robertson*, 293 Or 402, 408, 649 P2d 569 (1982).

---

[1] The state makes no contention that defendants are required to establish that the stalking statutes are vague *as applied*. The state acknowledges that the statutes are subject to challenge for vagueness *on their face* because they regulate expression. *State v. Butterfield*, 128 Or App 1, 874 P2d 1339, *rev den* 319 Or 625 (1994).

[2] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Article I, section 21, provides, in part:

"No *ex-post facto* law * * * shall ever be passed * * *."

The state concedes that the term "legitimate purpose," viewed in isolation, is not self-explanatory. It contends, however, that, when considered together, the statutory definition and the legislative history define the term sufficiently. The state would have us "construe" the statute by reference to its text, context and legislative history under *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). It concedes that neither the text nor the context of the term nor its definition reveals what purposes, other than those related to a labor dispute, are legitimate. Nonetheless, it argues that the legislative history, as expressed in legislative discussions, eliminates any uncertainty about the meaning of the phrase.

■■ Although the legislative history of a term might be relevant to determine the legislature's intended meaning for the term, we reject the state's suggestion that legislative committee discussions are relevant in determining whether the statute can survive a facial challenge based on vagueness. Such a challenge is not, in the strict sense, a matter of statutory construction. The correct inquiry, as set forth in the state's own brief, is whether the statute "is sufficiently explicit to inform persons of common intelligence of the conduct they must avoid." Although a statute challenged for vagueness may sometimes be "saved by a judicial interpretation that gives it required definiteness," *Robertson*, 293 Or at 411, the statute itself must speak its meaning to the ordinary person. We cannot rely on the legislative history to provide a meaning that is not apparent from a reading of the statute in its context. A term that has no meaning to the ordinary person without reference to the legislative history cannot withstand a vagueness challenge.

■■ We accept the state's concession that the statutes on their face do not tell a person of ordinary intelligence what is encompassed within the term "legitimate purpose." Because they fail to do so, the statutes give no warning as to what conduct must be avoided. They provide no guidance to the trier of fact and permit *ad hoc* judgments as to what is legitimate. We agree with the trial court that the term "legitimate purpose," as used in the stalking statutes, ORS 163.730(7); ORS 163.732; ORS 163.735; ORS 163.738; and as *in pari materia* with ORS 163.747 and ORS 163.750, is

unconstitutionally vague. We affirm the dismissal of the charges against defendants.[3]

Affirmed.

---

[3] In view of our holding, we do not address whether the term "alarm," as used in ORS 163.732, is vague or overbroad.