Argued and submitted June 21, reversed July 19, petition for review denied
September 26, 1995 (322 Or 167)

In the Matter of
Robert Hunter Souders.

Nora Elizabeth FOSTER,
*Respondent,*

*and*

STATE OF OREGON,
*Intervenor-Respondent,*

*v.*

Robert Hunter SOUDERS,
*Appellant.*

(94-10076; CA A84108)

899 P2d 733

Chris W. Dunfield argued the cause and filed the brief for appellant.

No appearance by respondent Nora Elizabeth Foster.

Robert M. Atkinson, Assistant Attorney General, argued the cause for intervenor-respondent State of Oregon. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

PER CURIAM

Landau, J., concurring.

**LANDAU, J.,** concurring.

I agree that this case is controlled by our decision in *State v. Norris-Romine/Finley*, 134 Or App 204, 894 P2d 1221 (1995). I write separately to respond to the state's argument that *Norris-Romine* "is simply wrong."

In *Norris-Romine*, we held that the phrase "without legitimate purpose," as a component of the crime of stalking, is unconstitutionally vague. The state had conceded that the meaning of that term was not apparent from the text or the context of the statute, but it insisted that the meaning of "without legitimate purpose" becomes clear upon resort to the legislative history of the law. We rejected the state's invitation to rely on legislative history to save the statute from constitutional challenge:

> "A term that has no meaning to the ordinary person without reference to legislative history cannot withstand a vagueness challenge."

*Id.* at 210.

The state now asserts that we were wrong in so concluding in *Norris-Romine*. The state begins by reading our opinion to hold that "in construing a statute in response to [a void for vagueness] challenge, the court may not consider legislative history — or, presumably, any other external source * * *." The state then cites a number of other cases in which both the Supreme Court and we have relied on sources other than the text or context of statutes that had been challenged as unconstitutionally vague. In particular, the state relies on the Supreme Court's decision in *State v. Cornell/Pinell*, 304 Or 27, 741 P2d 501 (1987), *aff'd* 314 Or 673, 842 P2d 394 (1992).

The state attacks a straw person. In *Norris-Romine*, we did not hold that a vagueness challenge must, in all cases, be resolved only on the basis of the text and context of the statute challenged. We simply did not address that question. We held only that, because the proper focus of our inquiry in a vagueness case is the meaning of the statute to the ordinary person, it is not appropriate to rely on legislative history. *Cornell/Pinell*, in which the court referred to a dictionary and relied on prior case law, is not to the contrary.

The state argues that refusing to consider legislative history in a vagueness case is at odds with the longstanding presumption that all citizens know the law, including the legislative history of statutes. I am unpersuaded. Although it is true that reliance on some benign fictions frequently is a necessary evil in judicial decision making, it remains equally true that some fictions are simply too absurd or contrary to the realities of everyday experience to warrant continued invocation. Attributing to every citizen of this state full knowledge of the legislative history of statutes, some of which is available only on untranscribed audiotapes buried in the basement of the State Archives Building in Salem, is, in my view, one such fiction that deserves to be abandoned. If the test for vagueness truly is, as we said in *Norris-Romine*, whether the statute "is sufficiently explicit to inform persons of common intelligence of the conduct they must avoid," and not instead a game of judicial sleight of hand, there can be no other result. *Norris-Romine*, 134 Or App at 210.