Argued and submitted December 16, 1994, reversed and remanded August 2, 1995

David Rood STARR,
*Respondent,*

*v.*

James Roland ECCLES,
*Appellant.*
(93-787; CA A82721)

900 P2d 1068

Steven J. Joseph argued the cause for appellant. On the brief was James R. Eccles, *pro se*.

David Rood Starr, *pro se*, waived appearance.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, filed a brief *amicus curiae* for the State of Oregon.

Before Warren, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Respondent appeals, seeking to dismiss a stalking protective order (SPO) entered against him by the Baker County Circuit Court. *See* ORS 163.738(3)(a); *see also* ORS 19.010. The order prohibits respondent from intentionally, knowingly or recklessly having any contact with petitioner.[1] We reverse.

■ The parties presented conflicting versions of the facts but the court did not make factual findings when it entered the SPO. We presume that the court decided the facts in a manner consistent with the entry of the SPO. *See Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968).

Petitioner is a psychologist and respondent is a former patient. Petitioner apparently treated respondent and his wife when they were having marital problems, and continued to treat respondent's wife for a brief time after the couple divorced. Respondent believes that petitioner and his ex-wife are conspiring to ruin him and are having a sexual affair. On November 24, 1993, petitioner filed a stalking complaint in the Baker County Circuit Court. *See* ORS 30.866; *see also* ORS 163.744. Petitioner asserted that respondent pulled his car next to petitioner's in a parking lot, yelled and screamed,

---

[1] ORS 163.730(3) provides:

"(3) 'Contact' includes but is not limited to:

"(a) Coming into the visual or physical presence of the other person;

"(b) Following the other person;

"(c) Waiting outside the home, property, place of work or school of the other person or of a member of that person's family or household;

"(d) Sending or making written communications in any form to the other person;

"(e) Speaking with the other person by any means;

"(f) Communicating with the other person through a third person;

"(g) Committing a crime against the other person;

"(h) Communicating with a third person who has some relationship to the other person with the intent of affecting the third person's relationship with the other person;

"(i) Communicating with business or government entities with the intent of affecting some right or interest of the other person;

"(j) Damaging the other person's home, property, place of work or school; or

"(k) Delivering directly or through a third person any object to the home, property, place of work or school of the other person."

took a picture of petitioner, made a lewd gesture and shook his fist. Petitioner asserted that respondent had blocked his passage through a crosswalk on another occasion and harassed his family at night when he was out of town. Petitioner also asserted that respondent threatened that he would "get" petitioner and that there had been "approximately 20-30 unwanted contacts."

On November 24, 1993, the court entered an officer's SPO. *See* ORS 163.735; ORS 163.738. The order was effective for three days and required respondent to attend a hearing on November 29, 1993, to determine whether the SPO should be extended for an unlimited duration. At a November 29, 1993, hearing, the court extended the SPO until December 21, 1993, and scheduled another hearing on that date.

On December 7, 1993, respondent filed a motion to strike and alternatively to make more definite and certain, and requested oral argument. *See* ORCP 21 E; ORCP 21 D. At the December 21 hearing on those motions, respondent filed a "Summary motion to dismiss the complaint for falsifying the record and lack of a genuine issue." After respondent filed that motion, the court said:

> "[Respondent], for the record I'm going to deny your summary motion to dismiss the complaint for falsifying the record and lack of genuine issue, I'm going to deny your motion for waiver of the rules pursuant to restraint. I'm going to deny your motion to strike * * * and in the alternative to make more definite and certain, and I'm not going to apply Oregon Rules of Civil Procedure * * * under those rules you would be entitled to oral argument on these motions and I could not deprive you of argument, but I am ruling that the Oregon Rules of Civil Procedure do not apply with respect to the pleadings such as they are, they are prescribed by Chapter 626 and I would say, presumptively, at least in the procedural sense the pleadings that have been filed satisfy the statute * * *."

Respondent did not object to the ruling that the ORCP do not apply to hearings regarding SPOs. On December 28, 1993, respondent filed a "motion for judgment of dismissal," in which he argued, *inter alia*, that "the Oregon Uniform Stalking Order is insufficient, vague, and ambiguous to the point Respondent is unable to adequately defend this matter." On December 30, 1993, he filed a "motion to dismiss n.o.v./for

fraud upon the court/alternatively for a new trial" and on January 3, 1994, filed a "motion to dismiss n.o.v./mistake, inadvertence/fraud upon the court/noncompliance w/ORCP 79D." The court denied those motions. In the January 3, 1994, motion, respondent argued that the court had prevented him from presenting his defense by denying his requests to read his motion and bring and cross-examine witnesses.

Respondent does not clearly identify the rulings he challenges or differentiate his assignments of error from his arguments. *See* ORAP 5.45(4). He appears to present several arguments why ORS 163.730 to ORS 163.753 (stalking statutes) are unconstitutional. He argues that the stalking statutes violate his right of access to public places under Article I, sections 8 and 26, of the Oregon Constitution and the First and Fourteenth Amendments to the United States Constitution;[2] are unconstitutionally vague and overbroad; deprive him of his federal rights of equal protection and due process; abridge his right to travel under the Privileges and Immunities Clauses of the state and federal constitutions;[3] and violate the Eighth Amendment to the United States Constitution and Article I, section 16, of the Oregon Constitution, by

---

[2] Article I, section 8, of the Oregon Constitution provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

Article I, section 26, provides:

"No law shall be passed restraining any of the inhabitants of the State from assembling together in a peaceable manner to consult for their common good; nor from instructing their Representative; nor from applying to the Legislature for redress of greviances (*sic*)."

The First Amendment to the United States Constitution, made applicable to the states under the Fourteenth Amendment, provides, in part:

"Congress shall make no law * * * abridging the freedom of speech, * * * or the right of the people peaceably to assemble, and to petition the Government for redress of grievances."

[3] Article IV, section 2, of the United States Constitution provides:

"The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

allowing an SPO to extend for an unlimited duration.[4] He also argues that the court erred by interpreting the statute to apply retroactively in violation of the prohibition on *ex post facto* laws in the state and federal constitutions[5] and in entering the SPO without probable cause to do so. Petitioner did not participate in this appeal.

■   The state, appearing as *amicus*, argues that respondent's assignments are not preserved for our review. At oral argument before this court, counsel for respondent asserted that the court's denial of respondent's request for oral argument and failure to follow the ORCP at the December 21 hearing was an abuse of discretion and reviewable as an error of law apparent on the face of the record. *See* ORAP 5.45(2). We disagree. That alleged error is not reviewable, because it is not apparent, and counsel for respondent provided no argument why we should depart from standard rules of preservation of error to review it. *See* ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

■   However, the court's denial of respondent's request for oral argument at the December 21 hearing prevented him from fully articulating his argument that the stalking statutes are unconstitutionally vague. Shortly after he was denied oral argument at that hearing, respondent filed his motion for judgment of dismissal. In that written motion, respondent argued that the SPO should have been dismissed, because, *inter alia*, the words "legitimate purpose" and "repeated and unwanted contact" in ORS 163.732[6] are unconstitutionally vague. Respondent asserts in his brief

---

[4] The Eighth Amendment to the United States Constitution provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

Article I, section 16, of the Oregon Constitution provides, in part:

"Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense * * *."

[5] Article I, section 10, of the United States Constitution provides, in part:

"No State shall * * * pass any Bill of Attainder, ex post facto Law * * *."

Article I, section 21, of the Oregon Constitution provides, in part:

"No *ex-post facto* law, or law impairing the obligation of contracts shall ever be passed * * *."

[6] Respondent cited sections of Senate Bill 833. We use the ORS citations for those sections.

that the stalking statutes, which are the basis of the SPO, are unconstitutionally vague, because they fail to provide guidelines for an officer or the court to determine what a "legitimate purpose" is. We conclude that respondent did all that he could to preserve the issue of whether the words "legitimate purpose" are unconstitutionally vague and to give the court an opportunity to correct the alleged errors. *See Shields v. Campbell*, 277 Or 71, 77, 559 P2d 1275 (1977) (party owes court sound, clear and articulate motion, objection or exception to permit trial judge to consider the legal contention or correct an error already made); *see also J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den* 321 Or 47 (1995) (discussing reasons for preservation of error requirements). Under the unique circumstances of this case, the issue of whether the words "legitimate purpose" in ORS 163.732 are unconstitutionally vague is sufficiently preserved for our review.

In *State v. Norris-Romine/Finley*, 134 Or App 204, 210-11, 894 P2d 1221 (1995), we held that the phrase "legitimate purpose" is unconstitutionally vague. A finding that respondent intentionally, knowingly or recklessly contacted petitioner or a member of petitioner's family or household "without legitimate purpose" was a prerequisite for the entry of both the officer's and court's SPOs. *See* ORS 163.735; ORS 163.738(3)(a)(A). Because that phrase is unconstitutionally vague, both the officer and the court were without authority to enter an SPO, and the court erred in denying respondent's motion.[7] *Foster v. Souders*, 135 Or App 542, 899 P2d 733 (1995). We need not address respondent's other arguments.

Reversed and remanded for entry of judgment dismissing stalking protective order.

---

[7] Because of our holding, we do not address whether the other terms in the stalking statutes that respondent challenges are vague. *See Norris-Romine/Finley*, 134 Or App at 211 n 3.