On appellant's motion to appoint counsel filed June 10, 1994, motion for appointment of counsel denied September 27, petition for review denied November 28, 1995 (322 Or 361)

Kathy Ann JOHNSON,
*Respondent,*

*and*

STATE OF OREGON,
*Intervenor-Respondent,*

*v.*

Daniel Joseph MCGREW,
*Appellant.*

(CV94-059; CA A83438)

902 P2d 1209

Andy Simrin, Deputy Public Defender, for motion.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, *contra*.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, J.

**LANDAU, J.**

The trial court issued a stalking protective order restraining respondent McGrew from contacting petitioner Johnson. McGrew appealed. The state petitioned to intervene, and we allowed the petition. McGrew then requested appointment of counsel at state expense on appeal, arguing that he is entitled to court-appointed counsel because this is an appeal from a criminal proceeding. We allowed the appointment of counsel for the purpose of submitting memoranda on whether McGrew is entitled to court-appointed counsel to pursue the appeal. The state opposes the request for appointment of counsel, arguing that an appeal from a proceeding in which a court issues a stalking protective order is civil and not criminal. We agree with the state and deny the request for appointment of counsel.

Under ORS 163.735 (*since amended by* Or Laws 1995, ch 353, § 3) and ORS 163.744 (*since amended by* Or Laws 1995, ch 353, § 5), any person may present to a law enforcement officer a complaint and request for the issuance of an "officer's stalking protective order" to prohibit another person from having any contact with the complainant. Generally, the officer may issue the protective order if he or she has probable cause to believe that the person who is the object of the complaint has engaged in certain prohibited behavior. ORS 163.735(1). The officer's stalking protective order is valid for three judicial days. ORS 163.738(1) (*since amended by* Or Laws 1995, ch 353, § 4). It also must notify the respondent that he or she must appear in court to show cause why the court should not enter a "court's stalking protective order," and that failure to appear will result in the respondent's arrest. ORS 163.738(2)(a). After a hearing, the court may issue a stalking protective order if it finds by a preponderance of the evidence that the respondent has "intentionally, knowingly or recklessly" engaged in the prohibited conduct. ORS 163.738(3)(a). The court's stalking protective order must specify the conduct from which respondent is to refrain. ORS 163.738(3)(b). That order is of unlimited duration "unless limited by law." *Id.*

Violation of an officer's stalking protective order is a Class A misdemeanor. ORS 163.747(2)(a) (*since amended by* Or Laws 1995, ch 353, § 10). Violation of the officer's stalking

protective order is, however, a Class C felony if the person has a prior conviction for stalking, or for violating either an officer's or a court's stalking protective order. ORS 163.747-(2)(b). Violation of a court's stalking protective order is subject to the same penalties. ORS 163.750 (*since amended by* Or Laws 1995, ch 353, § 7).[1]

In this case, the court issued a court's stalking protective order against McGrew, and it is from that order that McGrew appeals. The issue, therefore, is whether McGrew is entitled to court-appointed counsel in an appeal from only the issuance of the court's stalking protective order.

At the outset, we note that a circuit court's stalking protective order is appealable under ORS 19.010(4), which provides:

> "An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

A "special statutory proceeding" is one that is "a separate judicial proceeding with clearly defined parties * * * and is summary and complete within itself." *State v. Threet*, 294 Or 1, 5, 653 P2d 960 (1982). The proceeding resulting in the entry of a circuit court's stalking protective order is such a separate proceeding, in which the parties are clearly defined. Moreover, the proceeding is "summary and complete within itself." The entry of the order determines all matters before the court. Violation of the order gives rise to an entirely separate judicial proceeding, initiated by the local prosecutor. ORS 163.750. Finally, nothing in the stalking statutes expressly prohibits appeal from the circuit court's entry of its stalking protective order. Accordingly, we turn to the merits of the motion before us.

McGrew argues first that he is statutorily entitled to court-appointed counsel. ORS 138.500 (*since amended by* Or Laws 1995, ch 117, § 2, and ch 194, § 1) provides that a

---

[1] The constitutionality of the stalking statutes has not been put into issue at this juncture. *See State v. Norris-Romine/Finley*, 134 Or App 204, 894 P2d 1221, *rev den* 321 Or 512 (1995).

defendant in a "criminal action" is entitled to court-appointed counsel if he or she cannot afford counsel. A "criminal action" is defined as

> "an action at law by means of which a person is accused and tried for the commission of an offense."

ORS 131.005(6). An "offense," in turn, is defined as

> "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. * * *"

ORS 161.505.

The proceedings that lead to the issuance of a court's stalking protective order do not meet the statutory definition of a "criminal action." McGrew was not "accused and tried for the commission of an offense." Nor was he sentenced to a term of imprisonment or fined. We conclude that this appeal is not a "criminal action" within the meaning of ORS 138.500.

■■ McGrew also argues that he is constitutionally entitled to court-appointed counsel. Article I, section 11, of the Oregon Constitution provides, in part, that

> "[i]n all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

In *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 570 P2d 52 (1977), the Supreme Court held that five "indicia" are to be evaluated to determine whether a proceeding is a "criminal prosecution" under Article I, section 11: (1) the type of offense; (2) the prescribed penalty; (3) collateral consequences; (4) punitive significance; and (5) pretrial practices. The court noted that "[a]ll are relevant, but none is conclusive on what we believe is the ultimate determination." 280 Or at 102.

■■ The first relevant factor is the nature of the offense. The Supreme Court commented in *Brown* that considerations such as whether the offense was a crime at common law or the extent to which the offense involves a degree of culpability traditionally associated with crimes is relevant to the determination of whether the offense is criminal. 280 Or at 102.

McGrew argues that the fact that the stalking statutes are codified in chapter 163 of the Oregon Criminal Code suggests that the legislature intended them to be regarded as criminal. McGrew further notes that, before the court may issue a stalking protective order, it must conclude that the respondent has "intentionally, knowingly or recklessly" engaged in repeated and unwanted contact. ORS 163.738-(3)(a)(A). That, he argues, is a level of culpability normally associated with crimes.

We also note, however, that, notwithstanding the placement of the relevant provisions within the codified statutes, the language' of the provisions themselves does not appear to be consistent with McGrew's conclusion. Although the statute clearly describes *violation* of a court's stalking protective order as a crime, ORS 163.750, it contains no such description of the conduct that warrants the imposition of the order itself. Moreover, in setting out the requirements for the issuance of a court's stalking protective order, the statute imposes a burden of proof ordinarily associated with civil, not criminal actions. ORS 163.738(3)(a).

■■ The second relevant factor under *Brown* is the prescribed penalty. Indeed, in *Brown*, the court commented that this factor "is generally regarded as the single most important criterion * * *." 280 Or at 103. McGrew notes that violation of a stalking protective order is punishable by up to one year in jail, and that such possible incarceration demonstrates the criminal nature of the proceeding. The state replies that, in this proceeding, there has been no charge of violating a stalking protective order, and the penalty for such violation is, therefore, irrelevant.

We agree with the state. The issue in this case is whether an appeal from the imposition of the stalking protective order itself is a criminal proceeding. In the proceeding from which McGrew appeals, the court did not — indeed, could not — impose any penalty. The court enjoined McGrew from engaging in certain conduct. The fact that the proceeding resulted only in such injunctive relief strongly suggests that this appeal is not from a criminal prosecution within the meaning of Article I, section 11, of the Oregon Constitution.

■ The third *Brown* factor is the extent to which collateral consequences flow from the court's decision. McGrew asserts that the risk of criminal prosecution for violating the stalking protective order suggests that the proceeding should be regarded as criminal. The state argues that the possibility of prosecution for future conduct is not a collateral consequence that makes a proceeding criminal.

We agree with the state. In *Brown* itself, the legislature had decriminalized a first offense for driving under the influence of intoxicants, but provided that subsequent offenses would be prosecuted as crimes. In determining whether the first offense was criminal or civil, the court did not even mention the fact that the first offense increased the risk that a second offense would result in criminal penalties. 280 Or at 105. Similarly, a person subject to a restraining order issued under the Abuse Prevention Act, ORS 107.718 (*since amended by* Or Laws 1995, ch 79, § 35), may be arrested for violating that order, ORS 133.310(3)(a) (*since amended by* Or Laws 1995, ch 353, § 11), but that does not convert the process by which the restraining order was issued into a criminal proceeding. We do not consider relevant the possibility that the issuance of a protective order could result in criminal prosecution upon violation of it. McGrew identifies no other collateral consequences, and we are aware of none.

■■ The fourth factor to be considered is the punitive significance of the court's order. The test is whether the court's order "carries a stigmatizing or condemnatory significance." 280 Or at 106. McGrew argues that he is subject to "immutable designation" as a "stalker," and that demonstrates the criminal nature of the proceeding. The state argues that there is no more stigmatizing or punitive consequence to the issuance of a stalking protective order than to any other injunctive relief in a civil proceeding.

Again, we agree with the state. Although the effect of the issuance of the court's stalking protective order may be incidentally stigmatizing or condemnatory, the overriding purpose of the order is injunctive.

■ The final *Brown* factor is the extent to which a person may be subject to pretrial procedures that are normally associated with criminal proceedings, such as arrest and detention. McGrew argues that, because the statutes provide that a person who fails to appear in court in response to the issuance of a law enforcement officer's stalking protective order is subject to arrest indicates the criminal nature of the proceeding. The state argues that the provision for arrest is merely regulatory, designed to ensure that the person appears in court.

This factor, too, weighs heavily in favor of the state's position. Failure to appear in response to a subpoena or similar order can lead to arrest. *See, e.g., State v. Moen*, 86 Or App 87, 89, 738 P2d 228 (1987). That, however, does not mean that the proceeding in which the subpoena was issued was criminal. Moreover, other than as a consequence for failing to appear, the statute makes no provision for the arrest of any person or for the use of physical restraints, booking, detention in jail or other similar procedures that are normally associated with criminal proceedings.

We conclude that this appeal from the trial court's stalking protective order is not a "criminal prosecution" within the meaning of Article I, section 11, of the Oregon Constitution, and that McGrew is not entitled to court-appointed counsel.

Motion for appointment of counsel denied.