Argued and submitted July 21, reversed in part; otherwise affirmed October 18, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT JAMES ORTON,
*Appellant.*

(9401-40386; CA A84481)

904 P2d 179

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Defendant appeals his conviction for violating a court-issued stalking protective order (SPO). ORS 163.750 (*since amended by* Or Laws 1995, ch 353, § 7).[1] We reverse that conviction.

On September 24, 1993, the circuit court issued an SPO pursuant to ORS 163.738(3) (*since amended by* Or Laws 1995, ch 353, § 4), which provided:

"(3)(a)   The circuit court may enter, after personal or telephonic appearance by the petitioner, a court's stalking protective order if the court finds by a preponderance of the evidence that:

"(A)   The person, *without legitimate purpose*, intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(B)   It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(C)   The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household.

"(b)   In the order, the court shall specify the conduct from which the respondent is to refrain, which may include all contact listed in ORS 163.730. The order is of unlimited duration unless limited by law." (Emphasis supplied.)

The court's SPO, which was of unlimited duration, prohibited defendant from, *inter alia*, "coming into the visual or physical presence of the petitioner."

In January 1994, defendant allegedly violated the court's SPO by coming into the petitioner's visual presence. Subsequently, the state, by way of a district attorney's information, charged defendant with violating ORS 163.750, which provided, in part:

---

[1] The 1995 legislature amended the anti-stalking statutes, including ORS 163.750 and ORS 163.738. Or Laws 1995, ch 353, §§ 1-12. As amplified below, the 1995 amendments deleted the term "without legitimate purpose" from those statutes.

"(1) A person commits the crime of violating a court's stalking protective order when:

"(a) The person has been served with a court's stalking protective order as provided in ORS 163.738;

"(b) The person, subsequent to the service of the order, has engaged intentionally, knowingly or recklessly in conduct prohibited by the order; and

"(c) If the conduct is prohibited contact as defined in ORS 163.730(3)(d), (e), (f), (h) or (i), the subsequent conduct has created reasonable apprehension regarding the personal safety of a person protected by the order.

"(2)(a) Violating a court's stalking protective order is a Class A misdemeanor."

Defendant was also charged with two counts of unlawful possession of a firearm, ORS 166.250, and two counts of carrying a loaded firearm, in violation of a Portland City ordinance.

Defendant demurred to the charge of violating a court's SPO "on the ground that ORS 163.750(1) is unconstitutionally vague and overbroad." Defendant asserted, among other arguments, that "the term 'legitimate purpose' does not inform a person of what intentions or purpose a person must have to cause his/her conduct to fall under the stalking statute." The state countered by arguing that (1) defendant was precluded from challenging the validity of the underlying SPO in the context of a prosecution for the violation of that order; and (2) even if the "collateral bar" doctrine did not preclude defendant's constitutional challenge, the term "without legitimate purpose" was not unconstitutionally vague. The trial court, without expressly addressing the state's collateral bar argument, rejected defendant's constitutional arguments and denied the demurrer. Thereafter, defendant was convicted, following a jury trial, of violating a court's SPO.[2]

On appeal, defendant reiterates his constitutional arguments. He relies particularly on *State v. Norris-Romine/*

---

[2] Defendant pleaded guilty to two counts of unlawful possession of a firearm, and the remaining charges of carrying a loaded firearm were dismissed. On appeal, defendant does not challenge his convictions for unlawful possession of firearms, or the resultant sentences.

*Finley*, 134 Or App 204, 894 P2d 1221, *rev den* 321 Or 512 (1995), decided after his conviction, in which we considered identical constitutional arguments and held that the term "without legitimate purpose," as used in the anti-stalking statutes, is unconstitutionally vague. Thus, defendant asserts, *Norris-Romine/Finley* is dispositive and compels a reversal of his conviction under ORS 163.750.

■       The state acknowledges that, if we reach the merits of defendant's vagueness argument, *Norris-Romine/Finley* is controlling. Nevertheless, the state asserts that the collateral bar doctrine precludes our consideration of that argument. Under the collateral bar doctrine, a person charged with violating an injunction *generally* cannot challenge the injunction's validity in the context of an ensuing enforcement/ contempt proceeding. Rather, such a challenge must be made, in the first instance, at the time the injunction issues. *State ex rel Mix v. Newland*, 277 Or 191, 560 P2d 255 (1977); *Pyle and Pyle*, 111 Or App 184, 826 P2d 640 (1992); *see also Walker v. Birmingham*, 388 US 307, 87 S Ct 1824, 18 L Ed 2d 1210 (1967). The state reasons, by analogy, that an SPO is a form of injunction and that a prosecution for its violation under ORS 163.750 corresponds to a prosecution for contempt for the violation of an injunction, with the imposition of punitive sanctions. Thus, the state concludes, defendant was required to raise the constitutionality objection—*i.e.*, that "without legitimate purpose" is unconstitutionally vague—at the time the SPO issued, and, because he did not do so, that objection cannot be raised for the first time in the enforcement context.

The state's collateral bar argument, although initially plausible, rests on a fundamental misreading of the anti-stalking statutes, as construed in *Norris-Romine/Finley*. There, we concluded that,

> "although * * * ORS 163.750 [did] not explicitly mention 'legitimate purpose,' * * * [w]e conclude that ORS 163.375 and ORS 163.738 are *in pari materia* with ORS 163.747 and ORS 163.750, respectively, and that the term 'legitimate purpose' as used therein is incorporated within the protective order crimes and is subject to constitutional challenge by defendants." 134 Or App at 209 (citation omitted).[3]

---

[3] Although *Norris-Romine/Finley*, like this case, arose from a prosecution under ORS 163.750, and not from the initial issuance of an SPO, the state in that

Thus, before it was deleted pursuant to the 1995 amendments, *see* n 1, the phrase "without legitimate purpose" served two distinct functions in the anti-stalking statutes. First, lack of legitimate purpose was a condition precedent to a court's issuance of an SPO under ORS 163.738(3)(a)(A). Before an SPO could be issued, the state was required to show, *inter alia*, that the respondent had, on at least two occasions, engaged in unwanted contact with the petitioner or a member of the petitioner's family or household "without legitimate purpose." *Norris-Romine/Finley*, 134 Or App at 209. Second, lack of legitimate purpose was an element of the crime of violating an SPO. Before a defendant/respondent could be convicted under ORS 163.750, the state was required to prove that the post-issuance contact that allegedly violated the SPO was without legitimate purpose. Consequently, even if the SPO was validly issued — *i.e.*, the *pre-issuance* contacts were without legitimate purpose — the state still was required to prove that the *post-issuance* contact, which triggered the prosecution, was without legitimate purpose. *See id*.

■     The state's collateral bar argument pertains, at most, to the first "without legitimate purpose" showing, and not to the second. The collateral bar doctrine necessarily applies only to matters that were litigated, or were practicably capable of being litigated, in a prior proceeding. *Newland*, 277 Or at 200. *Accord State v. Crenshaw*, 307 Or 160, 166, 764 P2d 1372 (1988) (a challenge to the merits of an underlying order may be made in any appeal from an order of contempt where, for constitutional, statutory, or practical reasons, no other remedy was available).

■     Here, the question of whether defendant's pre-issuance contacts were without legitimate purpose, within the meaning of ORS 163.738, was litigated in the prior issuance proceeding. The constitutionality of "without legitimate purpose," as used in that issuance statute, was capable of being litigated in that proceeding. Thus, the collateral bar

case did not invoke the collateral bar doctrine. Thus, we had no occasion to consider its application there.

doctrine might preclude defendant from contesting the constitutionality of the underlying SPO as a defense to the prosecution under ORS 163.750.[4]

Conversely, the issues of whether defendant's post-issuance contact with petitioner was without legitimate purpose, and whether "without legitimate purpose" as a component of a prosecution under ORS 163.750 was unconstitutionally vague, were not litigated or susceptible to litigation during the issuance proceeding. Those issues were necessarily inchoate until defendant was prosecuted under ORS 163.750. Thus, regardless of whether the collateral bar doctrine could preclude defendant from contesting the validity of the SPO, it cannot similarly bar a demurrer that "without legitimate purpose" as a component of the crime of violating a court's SPO is impermissibly vague.

■    The term "without legitimate purpose," as incorporated within ORS 163.750, is unconstitutionally vague. *Norris-Romine/Finley*, 134 Or App at 210-11. Accordingly, the trial court erred in denying defendant's demurrer, and defendant's conviction for violating a court's SPO must be reversed.

Conviction for violation of ORS 163.750 reversed; otherwise affirmed.

---

[4] Given the nature of our disposition, we need not, and do not, address whether exceptions to the collateral bar doctrine could apply.