OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered August 2, 2000 (Neil E. Ross, J., on dismissal motion; A. Kirke Bartley, Jr., J., at trial and sentencing) affirmed.
Defendant Paul Stuart stands convicted, following a nonjury trial, of stalking in the fourth degree (Penal Law § 120.45 [1], [2]).* The proof presented by the People, including the credited testimony of the complainant and an eyewitness, was strong and persuasive, and established the following facts: that on February 14 and February 26, 2000, defendant approached the then 21-year-old complainant, a stranger, and offered her unsolicited gifts, among them flowers and a box of chocolates; that during the February 26 encounter the complainant told defendant that she could not speak to him because she had a boyfriend; that later that day and on nearly every day for more than five weeks thereafter (through April 7, 2000), defendant “stared at” and followed the complainant throughout the area surrounding her home and school, often “lingering” or “circling around” the complainant and “duckling]” into buildings or behind objects to avoid detection; and that as a result of defendant’s unwanted and extended course of conduct the complainant felt “very scared” and “very uncomfortable.” This evidence, viewed in the light most favorable to the prosecution, clearly was sufficient to support defendant’s stalking conviction. In view of the persistent pattern of conduct painfully depicted *543 in the record, the trial court, as factfinder, rationally and reasonably rejected defendant’s proffered explanation that he unintentionally came into contact with the complainant while handing out flyers on behalf of his employer. Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence.
Defendant’s current claims that Penal Law § 120.45 is unconstitutionally vague, to the extent preserved for appellate review, are lacking in merit. The statute makes it unlawful to “intentionally, and for no legitimate purpose, engage [ ] in a course of conduct directed at a specific person” that would likely instill reasonable fear of material physical harm in the targeted person (subd [1]) or that actually causes material mental or emotional harm to the targeted person (subd [2]), where the violator knows or reasonably should know that such conduct would elicit the requisite fear or cause the requisite harm. The challenged subdivisions of the stalking statute thus provide sufficient notice of the conduct proscribed and are written in a manner that does not encourage arbitrary or discriminatory enforcement (see, People v Shack, 86 NY2d 529, 538; People v Nelson, 69 NY2d 302, 307; Grayned v City of Rockford, 408 US 104, 108-109; United States v Harriss, 347 US 612, 617).
In urging that the stalking statute is void for vagueness, defendant primarily argues that the term “legitimate purpose” is subjective and incapable of precise definition. Defendant’s argument inappropriately lifts the statutory term out of context and ignores the fact that the statute measures a defendant’s actions by an objective standard, in that the offending course of conduct must be such as would likely cause the targeted person to reasonably fear specified physical harm or actually causes the targeted person to suffer specified mental or emotional harm. In our view, the term “legitimate purpose,” when read in conjunction with the rest of the statutory language, including the requirement that the course of conduct be undertaken “intentionally,” does not require a person of ordinary intelligence, law enforcement officials or triers of fact to guess at its meaning. The legislative use of inherently imprecise language does not render a statute fatally vague where, as here, that language “conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices” (People v Shack, 86 NY2d 529, 538, supra, quoting United States v Petrillo, 332 US 1, 8). Further, it does not avail defendant to advance theoretical applications of the term “legitimate purpose” which would be outside the stalking *544 statute’s intended reach, such as the investigatory work of a private detective or the collection efforts of a “repo man.” The insidious actions of this defendant, a stranger to the complainant, were not remotely legitimate in purpose, and “[t]his court cannot consider the possibility that the statute may be vague as applied in other hypothetical situations.” (People v Nelson, 69 NY2d 302, 308, supra.)
Nor is Penal Law § 120.45 any more difficult to interpret and obey because it lacks a specific intent component. The Legislature’s choice of general over specific intent reflects sound public policy and is consistent with the approach taken by the drafters of the national model antistalking statute (National Institute of Justice, Project to Develop a Model Anti-stalking Code For States 43-48 [1993]). By focusing on the behavior of the accused stalker rather than on the stalker’s motivation, Penal Law § 120.45, like the model code, ensures that accused stalkers do not escape criminal liability “by saying that however outrageous [their] conduct might have been, it was not [their] actual intent to cause the requisite fear.” (New Jersey v Cardell, 318 NJ Super 175, 184, 723 A2d 111, 115, certification denied 158 NJ 687, 731 A2d 46; accord, Iowa v Neuzil, 589 NW2d 708, 712 [Iowa]; see also, Greyson, Comment, California’s Antistalking Statute: The Pivotal Role of Intent, 28 Golden Gate U L Rev 221, 242 [1998].) Indeed, Penal Law § 120.45, with its use of the phrase “legitimate purpose” in tandem with a general intent standard, parallels stalking statutes from other jurisdictions that have withstood constitutional vagueness challenges (see, e.g., Bouters v Florida, 659 So 2d 235 [Fla], cert denied 516 US 894; Snowden v Delaware, 677 A2d 33 [Del]; People v White, 536 NW2d 876 [Mich]; cf., Oregon v Norris-Romine, 134 Or App 204, 894 P2d 1221).
We have considered and rejected defendant’s jurisdictional point (see, People v Starkes, 185 Misc 2d 186; see also, People v Henderson, 92 NY2d 677, 680-681).
Davis, J.P., Gangel-Jacob and Suarez, JJ., concur.

 Subdivisions (1) and (2) of Penal Law § 120.45, part of New York’s comprehensive antistalking legislation (L 1999, ch 635, § 1), read as follows:
“A person is guilty of stalking in the fourth degree when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct:
“1. is likely to cause reasonable fear of material harm to the physical health, safety or property of such person * * * or
“2. causes material harm to the mental or emotional health of such person, where such conduct consists of following, telephoning or initiating communication or contact with such person * * * and the actor was previously clearly informed to cease that conduct.”